UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| STRUIF, ROBERT T ) | | Case No. 09-43590-DRC |
| STRUIF, GAIL A ) | | |
| ) | | Hon. Donald R. Cassling |

## APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO:   HONORABLE Donald R. Cassling
      BANKRUPTCY JUDGE

GINA B. KROL, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on November 17, 2009. On January 8, 2010, an order was entered approving the employment of Counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $4,995.25, in compensation for 12.45 hours of services performed for the period December 14, 2010 through present and reimbursement of actual expenses in the amount of $0.00.

3. A description of the nature of the services rendered by the Applicant is as follows:

COMPENSATION

Cohen and Krol prepared and presented the Trustee's Accountant's Application for Compensation. The order awarding compensation was entered which enabled the Trustee to pay her accountant for services rendered to the Estate. Cohen and Krol expended 1.60 hours in the activity of Compensation.

OBJECTION TO EXEMPTION

Cohen and Krol prepared and presented Trustee's Objection to Debtor's Claim that one of his employee benefits was exempt as a retirement benefit. Trustee believed this was not a proper exemption claim. Cohen and Krol briefed the issue and were ultimately successful in

**EXHIBIT G**

having the Trustee's Objection to Exemption sustained. The Trustee obtained a turnover the non-exempt funds which created a 100% plus interest dividend to creditors and is returning the surplus to the Debtor. Cohen and Krol expended 7.05 hours in the activity of Objection to Exemption.

PROFESSIONAL EMPLOYMENT

Cohen and Krol prepared and presented the Trustee's Application to Employ Attorneys for the Trustee and obtained the requisite Court order. Additionally, Cohen and Krol prepared and presented the Trustee's Application to Employ Accountants for the Trustee and obtained the requisite Court order. Both of these applications were necessary to advance the administration of this Estate. Cohen and Krol expended 3.20 hours in the activity of Professional Employment.

TURNOVER

Cohen and Krol sent a letter to the Debtor's employer with a copy of the order sustaining the Trustee's Objection to Exemption. As a result of this letter, funds were turned over to the Trustee. Cohen and Krol expended .60 hours in the activity of Turnover.

4. Attached as Exhibit "A" is an itemized statement of the legal services rendered. The statement reflects the legal services rendered, the time expended and a description of the work performed.

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| GINA B. KROL/GBK2009 | .65 | 405.00 | 263.25 |
| GINA B. KROL/GBK2010 | 6.95 | 405.00 | 2,814.75 |
| GINA B. KROL/GBK2011 | 2.65 | 405.00 | 1,073.25 |
| GINA B. KROL/GBK2012 | 1.60 | 415.00 | 664.00 |
| E.PHILIP GROBEN/EPG2012 | .60 | 300.00 | 180.00 |

6. Attached as Exhibit "B" is an itemized statement of the actual expenses incurred by the Applicant.

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable.

**EXHIBIT G**

8.  At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $4,995.25 and reimbursement of actual and necessary expenses of $0.00 for legal services rendered in this case.

                                                   RESPECTFULLY SUBMITTED,

Date: August 14, 2012                           /s/ Gina B. Krol

GINA B. KROL
105 West Madison Street
Suite 1100
Chicago, IL  60602-0000

**EXHIBIT G**